**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1904
_____

MAZEN SHAHIN, Ph.D.;
NINA SHAHIN, CPA, MAS. MST,
                                        Appellants

v.

CITY OF DOVER, DELAWARE; CARLETON E. CAREY, SR.,
DOVER MAYOR; CHERYL A. RUSSELL, DOVER ASSESSOR

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-12-cv-00604)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2015

Before: RENDELL, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 27, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellants Nina and Mazen Shahin appeal the District Court's order dismissing their complaint for lack of jurisdiction. For the reasons detailed below, we will affirm the District Court's judgment.

This case concerns the Shahins' challenge to the 2010 assessment of their real property in Dover, Delaware. In 2002, the Shahins purchased the property for $223,000; in 2010, it was reassessed at $286,700. As a result, the property tax the Shahins owed on the property increased from $839.85 in 2009 to $968.47 in 2010.

The Shahins appealed the assessment to the City of Dover Board of Assessment, which denied relief. They appealed that decision to the Delaware Superior Court. Before the Superior Court, in addition to arguing that the assessment was inflated, the Shahins claimed, for the first time, that the defendants-assessors had discriminated against them on the basis of their race and national origin. The Superior Court affirmed the Assessment Board's judgment, concluding, among other things, that the Shahins had presented no evidence to support their claims of discrimination. See Shahin v. City of Dover Bd. of Assessment, Civ. A. No. K10A-06-002JTV, 2011 WL 704490, at *3 (Del. Super. Ct. Feb. 28, 2011) (non-precedential). The Shahins then appealed to the Delaware Supreme Court, which likewise affirmed. That Court declined to address the discrimination claims because the Shahins had not first presented them to the Assessment Board. See Shahin v. City of Dover, 31 A.3d 77, 2011 WL 4055405, at *2 (Del. Sept. 12, 2011) (table).

2

The Shahins then filed a complaint in the District Court. Citing Title VI of the Civil Rights Act of 1964 and Title VIII of the Civil Rights Act of 1968, the Shahins again alleged that the defendants had performed the assessment in a discriminatory manner. The parties filed cross motions for summary judgment. The District Court dismissed the complaint, concluding that the Tax Injunction Act deprived it of jurisdiction over the Shahins' claims. The Shahins filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the District Court's order. See Landsman & Funk P.C. v. Skinder–Strauss Assocs., 640 F.3d 72, 75 (3d Cir. 2011).

We agree with the District Court's disposition of this case. The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. While § 1341 speaks only in terms of equitable relief, principles of comity also bar actions seeking damages. See Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 107 (1981). Thus, "a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes" if the state provides an adequate remedy. Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998).

Here, the Shahins' challenge to the property assessment falls squarely within § 1341's ambit. See Gass v. Cnty. of Allegheny, Pa., 371 F.3d 134, 136-37 (3d Cir. 2004). Moreover, we have previously held that "the courts of Delaware can indeed

3

provide the forms of judicial inquiry and (as appropriate) judicial remedy that meet the requirements of the Tax Injunction Act and the principles of comity." Kerns, 153 F.3d at 103. That conclusion is supported by the procedural history of this case — the Delaware Superior Court expressly considered the Shahins' "claims of discrimination against foreign-born home owners" and rejected them on the merits, concluding that the Shahins had "introduced no evidence to support these claims." Shahin, 2011 WL 704490, at *3. The adequacy of the remedy is not undermined by the fact that the Superior Court denied relief on the merits and the Delaware Supreme Court concluded that the Shahins had not properly preserved their claims. See Sacks Bros. Loan Co. v. Cunningham, 578 F.2d 172, 175 (7th Cir. 1978). We therefore agree with the District Court that the Tax Injunction Act bars the Shahins' claims.[1]

Accordingly, we will affirm the District Court's judgment.

---

[1] In light of this determination, the District Court did not err in denying the Shahins' other filings, including their motion for class certification.

4