**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: August 24, 2018
Date Decided: September 26, 2018

Mazen Shahin, Ph.D.
Nina Shahin, CPA
103 Shinnecock Road
Dover, DE 19904

William W. Pepper, Sr., Esquire
Schmittinger and Rodriguez, P.A.
414 South State Street
Dover, DE 19901

Re: *Shahin v. City of Dover and Cheryl A. Bundek*
C.A. No. 2018-0352-JRS

Dear Dr. and Mrs. Shahin and Mr. Pepper:

I have Plaintiffs' Application for Appointment of Attorney Under Provisions of 6 *Del. C.* § 4613(b), dated May 17, 2018, and Plaintiffs' Motion-Request for a Prompt Decision on Their Formal Request for Appointment of Professional Attorney, dated July 19, 2018, (together "the Application"). Defendants oppose the Application. I also have Defendants' Motion to Dismiss for lack of subject matter jurisdiction (the "Motion"). Plaintiffs oppose the Motion. Having considered these submissions, Plaintiffs' Application is denied and Defendants' Motion is granted. I explain my reasoning below.

## I.    BACKGROUND

Plaintiffs filed their complaint on May 17, 2018, in which they allege Defendants discriminated against them on the basis of their national origin when assessing property taxes due on Plaintiffs' home in Dover, Delaware.[1] In the simultaneously filed Application, Plaintiffs ask the Court to "appoint an attorney to file a formal [c]omplaint on their behalf" under the Delaware Fair Housing Act ("DFHA"), specifically 6 *Del. C.* §§ 4613(a) and (b).[2] According to Plaintiffs, they have made extensive efforts to find counsel over the course of the past year but have been unable to convince a lawyer to take their case.[3] Based on their inability to secure legal counsel and their "negative experience[s]" with the Delaware legal

---

[1] Compl. ¶ 2.

[2] Appl. 2. *See also* Mot. 1; Compl. ¶ 9. I note the Application purports to be brought pursuant to 6 *Del. C.* §§ 4643(a) and (b). 6 *Del. C.* § 4643 does not exist. In paragraph nine of the Complaint and in the Application, Plaintiffs reference 6 *Del. C.* §§ 4613(a) and (b) in support of their argument. Because Section 4613 does exist and is applicable, I assume Plaintiffs mistakenly referenced Section 4643 in the Application and intend, instead, to invoke Section 4613.

[3] Appl. 1.

system, Plaintiffs now ask the Court to appoint counsel to represent them.[4]
Importantly, Plaintiffs do not purport to be unable to pay for counsel; indeed, they
make clear that they are able and willing to compensate their attorney.[5]

On July 5, 2018, Defendants, together the City of Dover and the City
Assessor, Cheryl Bundek, filed the Motion.[6] On August 6, 2018, Plaintiffs made a
combined filing including their Objections to the Motion and their Answering Brief.[7]

This is not Plaintiffs' first time bringing suit regarding the tax assessment on
their Kent County residence. Counting only their formal assessment appeals, this is
Plaintiffs' third suit.[8] Following the 2010 City of Dover tax assessment, Plaintiffs
informally appealed to the authority conducting the assessment to no avail. Plaintiffs
then unsuccessfully appealed to the City Board of Assessment Appeals

---

[4] Appl. 1–2.

[5] Appl. 1.

[6] *See* Opening Br. in Supp. of Defs.' Mot. to Dismiss ("Opening Br.").

[7] *See* Pls.' Objections to the Defs.' Att'y's Mot. to Dismiss Pls.' Compl. and Their
Answering Br. ("Answering Br.").

[8] Opening Br. at *2.

(the "Board").[9]  Next, Plaintiffs filed their first formal appeal with the Superior Court

of Delaware.  The court affirmed the Board's decision.  Plaintiffs then appealed to

the Supreme Court of Delaware.  The Supreme Court affirmed the Superior Court's

judgment.[10]  Plaintiffs responded by filing a discrimination lawsuit under the federal

Fair Housing Act against the City of Dover in the United States District Court.  That

case was dismissed for lack of subject matter jurisdiction; the Third Circuit

affirmed.[11]

　　　　Following Dover's 2014 reassessment,[12] Plaintiffs again unsuccessfully

appealed that assessment to the Board, then the Superior Court, and then the

---

[9] *Id.*

[10] *Id.  Shahin v. City of Dover, Bd. of Assessment*, No. CIV.A.K10A-06-002JTV, 2011 WL 704490, at *1 (Del. Super. Ct. Feb. 28, 2011), *aff'd sub nom. Shahin v. City of Dover*, 31 A.3d 77 (Del. 2011).

[11] *See Shahin v. City of Dover*, No. CV 12-604-LPS, 2014 WL 1092385 (D. Del. Mar. 14, 2014), *aff'd*, *Shahin v. City of Dover*, 615 F. App'x 739 (3d Cir. 2015).

[12] I note Defendants maintain that this assessment occurred in 2015.  *See* Opening Br. at *2.

Supreme Court.[13]  On February 9, 2016, Plaintiffs filed a complaint against the City of Dover alleging housing discrimination with the federal Department of Housing and Urban Development ("HUD") in Philadelphia.[14]  HUD referred the complaint to the Delaware Human Relations Commission.  The Commission determined there was insufficient evidence to support a case of discrimination.[15]

## II.   ANALYSIS

### A. The Application

Plaintiffs seek appointment of counsel under 6 *Del. C.* § 4613(a).  That statute permits an "aggrieved person" to "commence a civil action in the county in which the discriminating housing practice is alleged to have occurred."[16]  Under 6 *Del. C.*

---

[13] Compl. ¶¶ 5, 6; *Mazen v. City of Dover Bd. of Assessment Appeals*, No. CV K15A-08-004 WLW, 2016 WL 520996 (Del. Super. Ct. Jan. 22, 2016), *aff'd sub nom. Shahin v. City of Dover Bd. of Assessment Appeals*, 149 A.3d 227 (Del. 2016).

[14] Compl. ¶ 7.

[15] *Id. see* App. at 5–12.

[16] 6 *Del. C.* § 4613(a).  6 *Del. C.* § 4602(2) defines "aggrieved person" as "any person who: a. Claims to have been injured, directly or indirectly, by a discriminatory housing practice; b. Believes that such person will be injured, directly or indirectly, by a discriminatory housing practice that is about to occur; or c. Is associated with a person having a protected

§ 4613(b)(1), "[u]pon application by a person alleging . . . a discriminatory housing practice," the court "*may* [a]ppoint an attorney for such person."[17] Section 4613(a) does not, however, *require* the court to appoint counsel and there is no constitutional right to appointment of counsel in a civil case—even when a party is deemed to be indigent.[18]

I have been unable to find cases addressing the circumstances under which appointment of counsel under Section 4613(a) is warranted, particularly where the plaintiff acknowledges that he is able to afford legal counsel. With regard to indigent party applications under similar statutes or circumstances,[19] our state and federal

---

status under this chapter and claims to have been injured, directly or indirectly, as a result of a discriminatory housing practice against such person having the protected status."

[17] 6 *Del. C.* § 4613(b)(1) (emphasis added). I note "court" within the DFHA refers to "the [Delaware] Superior Court [] unless otherwise designated." *Id.* § 4613(8).

[18] *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 26–27 (1981); *Jenkins v. Dover Police Comm'r*, 2002 WL 663912, at *1 (Del. Super. Ct. Apr. 5, 2002) ("Neither the United States Constitution nor the Delaware Constitution entitles a civil litigant to counsel as a matter of right.").

[19] *See, e.g.*, *Aranga v. Krapf*, 2018 WL 1377103, at *3 (D. Del. Mar. 19, 2018) (denying appointment of counsel in employment discrimination claim under American with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*); *Scott v. Nemours/Alfred I. duPont Hosp. for Children*, 2017 WL 1843891, at *3 (D. Del. May 8, 2017) (denying appointment of counsel for employment discrimination claim). *Cf. House v. Hous. & Urban Dev.*, 2006

courts have considered certain factors in determining whether to appoint counsel to prosecute a "claim [that] has arguable merit in fact and law."[20]

Even if I were to find that those same factors applied in the case of a non-indigent plaintiff, a proposition that I sincerely doubt to be true,[21] I would still find appointment of counsel not warranted here. Plaintiffs have ably presented their

_____

WL 3779762, at *8–9 (D. N.J. Dec. 20, 2006) (denying plaintiff's "informal request" to appoint counsel in a housing discrimination claim).

[20] *Aranga*, 2018 WL 1377103, at *2 (factors include: "(1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses."); *see also Wood v. Collison*, 2014 WL 4653153, at *1 (Del. Super. Ct. Sept. 18, 2014) (same) (citing *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997)); *Tabron v. Grace*, 6 F.3d 147, 155–56, 157 n.5 (3d Cir. 1993).

[21] I can see no basis in the applicable statute, the common law or the Delaware or United States Constitutions to require a private civil attorney to accept the representation of a paying client when that attorney has otherwise determined that the engagement should be declined. While I need not invoke such terms as "involuntary servitude" or "subjugation" to describe the scenario in which a court imposes its authority upon a professional to require him to accept a paying client and a cause that he does not wish to accept, I cannot help but wonder what legal challenges that professional might advance in response to such an "appointment" (if the court were brazen enough to order it). *Cf. Schmidt v. Hobbs*, 1988 WL 31989, at *1 (Del. Super. Ct. Mar. 17, 1988) (declining to compel an expert to testify on behalf of a party who had not engaged him and for whom he had not agreed to testify, noting that such an order would "involve a form of involuntary servitude"); *Winchester v. Hertrich*, 658 A.2d 1016, 1020 (Del. Super. Ct. 1995) (same).

claims thus far and made court filings while appearing *pro se*[22]; their claims do not appear to be so legally or factually complex as to necessitate the assistance of counsel[23]; Plaintiffs are not met with significant barriers or an inability to conduct a factual investigation[24]; they have not alleged the need for expert discovery; and the case is unlikely to turn on credibility determinations.[25]  Moreover, Plaintiffs do not suffer from a *lack* of capacity to seek counsel, as evidenced by their substantial

---

[22] *See Evans v. Cook*, 2008 WL 4296560, at *2 (D. Del. Sept. 19, 2008) (finding that the plaintiff had "demonstrated an ability to present his own case, as demonstrated by" the fact that he "made a number of *pro se* filings against Defendant which outline his claims against Defendant clearly and articulately.") (citing *Tabron*, 6 F.3d at 156).

[23] *Cf. Piserchia v. Bergen Cty. Police Dep't*, 2013 WL 4436183 (D. N.J. Aug. 15, 2013) (granting plaintiff's motion to appoint counsel because his claims against twenty-one defendants were legally complex).

[24] *See Montgomery v. Pinchak*, 294 F.3d 492, 503 (3d Cir. 2002) (discussing incarceration as a legitimate barrier to factual investigation and the ability to understand and comply with complex discovery rules with the caveat that counsel should not be "appointed in every potentially meritorious claim by an indigent prisoner where some investigation may be required.").

[25] *See Skinner v. Holman*, 2008 WL 2937250, at *2 (D. Del. July 29, 2008) (stating that even if the case "turn[s] on credibility determinations, that factor alone does not determine whether counsel should be appointed.") (citing *Parham*, 126 F.3d at 460).

efforts to obtain counsel to date.[26]  Under these circumstances, I find appointment of counsel unwarranted.[27]

**B. The Motion**

Unlike the standards governing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the standards governing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction are far more demanding of the non-movant.  The burden is on the plaintiff to demonstrate that subject matter jurisdiction exists.  In deciding whether the plaintiff has met that burden, the Court need not accept the plaintiff's factual allegations as true and is free to consider facts not alleged in the complaint.[28]

---

[26] *See Rogers v. Dep't of Public Safety*, 2007 WL 1145294, at *1 (D. Del. Apr. 13, 2007) (denying appointment of counsel for a plaintiff bringing an employment discrimination claim, noting that plaintiff was not proceeding *in forma pauperis* and "presented no financial hardship and any other argument as to why counsel should be appointed").

[27] It seems to me an extraordinary proposition that a court could call upon an attorney to represent a party when that party is financially capable of affording representation but has been unable, for other reasons, to find an attorney willing to represent them.  In any event, I am satisfied that such an order, if ever appropriate, is not justified in this matter.

[28] *Appriva S'holders Litig. Co. v. ev3, Inc.*, 937 A.2d 1275, 1284 n.14 (Del. 2007).

This Court is a court of limited jurisdiction. Its subject matter jurisdiction is limited to instances where: "(1) one or more of the plaintiff['s] *claims* for relief is equitable in character; (2) the plaintiff requests *relief* that is equitable in nature; or (3) subject matter jurisdiction is conferred by statute."[29] "Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action."[30] Plaintiffs allege the Court has jurisdiction over this dispute because, under the DFHA, the Delaware Division of Human Relations and the Delaware Attorney General are entitled to initiate proceedings under the statute in the Court of Chancery.[31]

The statute's grant of power to the state authorities to seek equitable relief in this Court does not extend to private parties. The DFHA states that an action by a private party for actual and punitive damages should be brought in the Superior

---

[29] *Candlewood Timber Gp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004).

[30] Ct. Ch. R. 12(h)(3).

[31] Compl. ¶ 1; *see* 6 *Del. C.* § 4600 et. seq.

Court.[32]  Because Plaintiffs do not make a prayer for equitable relief or invoke an

equitable right, an action in this Court is not proper.[33]

### C. Conclusion

For the foregoing reasons, the Application is **DENIED** and the Motion is

**GRANTED.**

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[32] 6 *Del. C.* § 4613(c)(1).

[33] 6 *Del. C.* § 4613(c)(2).  Plaintiffs maintain that, in addition to their flawed view of a statutory right to commence this action in the Court of Chancery, they have come here because the Superior Court and the Supreme Court, in the past, have treated them unfairly and, therefore, to initiate proceedings again in those courts would be the "sign of a serious physiological disorder." Compl. ¶ 1.  While much could be said in response to this argument, it will suffice to say that I reject it as a basis to invoke this Court's subject matter jurisdiction.