IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAZEN and NINA SHAHIN, | § | |
| | § | |
| Plaintiffs Below, | § | No. 383, 2020 |
| Appellants, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| CITY OF DOVER and CHERYL A. | § | C.A. No. K18C-10-023 |
| BUNDEK, City of Dover Tax | § | |
| Assessor, | § | |
| | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: June 25, 2021
Decided: September 8, 2021

Before **SEITZ**, Chief Justice; **VALIHURA**, and **MONTGOMERY-REEVES**, Justices.

### ORDER

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The plaintiffs below-appellants, Mazen and Nina Shahin, filed this appeal from a Superior Court order dismissing their complaint against the defendants below-appellees, the City of Dover and Cheryl A. Bundek, City of Dover Tax Assessor ("the City Defendants").   We find no merit to the Shahins' appeal and affirm the Superior Court's judgment.

(2)     This is one of several cases arising from the City of Dover's assessment of the Shahins' residential property ("the Property") for property taxes. Following the City of Dover's assessment of the Property in 2010, the Shahins filed an appeal in the City of Dover Board of Assessment Appeals ("the Board"). The Shahins sought a reduction in the assessed value of the Property from $286,700 to $150,000. After the Board denied the appeal, Mrs. Shahin filed an appeal in the Superior Court. The Superior Court affirmed the Board's decision.[1] This Court affirmed the Superior Court's judgment.[2]

(3)     In 2012, the Shahins filed a housing discrimination complaint with the U.S. Department of Housing and Urban Development ("HUD"), which was forwarded to the Delaware Division of Human Relations ("the Division") for processing. After the Division did not take any action on the complaint within thirty days, the Shahins filed an action against the City of Dover and others in the United States District Court for the District of Delaware. The Shahins alleged national origin and race discrimination in the City of Dover's assessment of the Property in violation of Title VI of the Civil Rights Act of 1964, as amended, and Title VIII of the Fair Housing Act ("FHA"). The District Court dismissed the complaint for lack

---

[1] *Shahin v. City of Dover, Bd. of Assessment*, 2011 WL 704490 (Del. Super. Ct. Feb. 28, 2011).
[2] *Shahin v. City of Dover*, 2011 WL 4055405 (Del. Sept. 12, 2011).

of subject matter jurisdiction.[3] The Court of Appeals for the Third Circuit affirmed the District Court's judgment.[4]

(4) Following the City of Dover's assessment of the Property in 2014, the Shahins filed an appeal in the Board. The Shahins identified overvaluation, a sink hole in their front yard, and national original discrimination as the grounds for the appeal. They sought a reduction in the assessed value of the Property from $247,100 to $223,100. The Board denied the appeal, finding that the assessment of the Property, which was based on the sale prices of comparable nearby properties between May 2013 and December 2014, was fair.

(5) The Shahins filed an appeal in the Superior Court. The Superior Court affirmed the Board's decision.[5] Based on its conclusion that the Board did not have jurisdiction to hear civil lawsuits against the city, the Superior Court did not consider the Shahins' charge of national origin discrimination.[6] On appeal, this Court affirmed the Superior Court's judgment.[7] Recognizing that the Shahins did not assert violations of the FHA until the Superior Court appeal and violations of the Delaware Fair Housing Act ("DFHA") until the Supreme Court appeal, the Court

---

[3] *Shahin v. City of Dover, Del.*, 2014 WL 1092385 (D. Del. Mar. 14, 2014).
[4] *Shahin v. City of Dover, Del.*, 615 Fed. Appx. 739 (3d Cir. 2015).
[5] *Mazen v. City of Dover Bd. of Assessment Appeals*, 2016 WL 520996 (Del. Super. Ct. Jan. 22, 2016).
[6] *Id.* at *4.
[7] *Shahin v. Dover Bd. of Assessment Appeals*, 2016 WL 5407853 (Del. Sept. 27, 2016).

noted the detailed procedures for obtaining relief under those statutes and stated that the Board of Assessment was "not the proper place for such claims."[8]

(6) On February 8, 2016, the Shahins filed a complaint against the City of Dover with HUD, which forwarded the complaint to the Division. The Shahins alleged national origin discrimination in the City of Dover's assessment of the Property in 2014. In June 2017, the Division determined that there was no probable cause to believe that a discriminatory practice had occurred and dismissed the complaint. The Division found that the Shahins failed to produce any evidence that the City of Dover was aware of their national origin before assessing the Property in 2014, or that the City of Dover's method for property assessment created a disparate impact affecting subdivision residents whose national origin originated in a country other than the United States.

(7) On May 17, 2018, the Shahins filed a complaint against the City Defendants in the Court of Chancery. Invoking the DFHA, the Shahins alleged national origin discrimination in the assessments of the Property in 2010 and 2014. They also disputed the findings of the Division. The Shahins sought actual and punitive damages. The City Defendants moved to dismiss the complaint for lack of subject matter jurisdiction. On September 26, 2018, the Court of Chancery granted the motion to dismiss.

---

[8] *Id.* at *2 n.11.

(8)     On October 16, 2018, the Court of Chancery granted the Shahins' motion to transfer the case to the Superior Court.  The Shahins filed an amended complaint that was substantially similar to the original complaint.  The City Defendants filed an answer and then a motion to dismiss based on the doctrine of *res judicata*.

(9)     After a hearing, the Superior Court granted the motion to dismiss.  The Superior Court held that *res judicata* barred the Shahins' claims that the Property was overvalued, the Shahins did not establish a prima facie case of discrimination, and the Shahins' appeal of the Division's decision was untimely.   This appeal followed.

(10)   On appeal, the Shahins repeat their allegations of national origin discrimination in the assessment of the Property in 2010 and 2014.  They contend that *res judicata* does not apply because there was fraud and collusion.  The Shahins also make new claims regarding the assessment of the Property in 2020 that are not properly before this Court.[9]

(11)   It is unclear from the Shahins' complaint and briefs whether they were seeking review of the Division's decision or filing a new civil action.  Under 6 *Del. C.* § 4612(i), "[a]ny party aggrieved by a final order…may obtain review of such order in the Superior Court."  This Court's appellate review of an administrative

---

[9] Supr. Ct. R. 8.

5

board's decision is limited to determining whether the board's findings and conclusions are supported by substantial evidence and free from legal error.[10] Under 6 *Del. C.* § 4613(a), "[a]ny aggrieved person may commence a civil action in the county in which the discriminatory housing practice is alleged to have occurred." The Court reviews the dismissal of a complaint instituting a new civil action *de novo*.[11]

(12) To the extent the Shahins sought review of the Division's decision, their request for review was untimely. Section 4612(i) requires the filing of a petition for review within thirty days of a final order. The Division issued its decision in June 2017. The Shahins filed their complaint in May 2018. The Superior Court did not err in concluding that an appeal of the Division's decision was untimely.

(13) To the extent the Shahins filed a new civil action under Section 4613(a), their DFHA claims concerning the 2010 assessment are untimely. Section 4613(a) requires the filing of a civil action based on an allegedly discriminatory housing practice within two years of the occurrence or termination of the practice, or within two years of the discovery of the practice. The two-year period does "not include any time during which an administrative proceeding…was pending with respect to a complaint or charge…based upon a discriminatory housing practice."[12] The

---

[10] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781–82 (Del. 2011).
[11] *Clinton v. Enterprise Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).
[12] 6 *Del. C.* § 4613(b).

Shahins did not file their complaint alleging that the 2010 assessment violated the DFHA until 2018, long after the alleged discriminatory housing practice had occurred.

(14) Assuming without deciding that the Shahins' DFHA claims concerning the 2014 assessment are timely,[13] those claims are based on the Shahins' disagreement with how the City of Dover assessed the value of the Property. The Shahins have previously litigated how the City of Dover conducted the 2014 assessment of the Property in the Board, the Superior Court, and this Court. All of those tribunals rejected the Shahins' claims that the Property was overvalued in 2014.[14] Under the doctrine of *res judicata*, "a final judgment upon the merits rendered by a court of competent jurisdiction may, in the absence of fraud or collusion, be raised as an absolute bar to the maintenance of a second suit in a different court upon the same matter by the same party, or his privies."[15]

(15) Aside from arguing that fraud and conclusion preclude application of *res judicata*, the Shahins do not challenge the Superior Court's *res judicata* analysis. The Shahins' claims of fraud and collusion extend well-beyond the 2014 assessment

---

[13] The City Defendants argue that these claims are also untimely, but this depends upon their contention that the allegedly discriminatory practice (the assessment of the Property) occurred in November 2014. The Shahins allege that the discriminatory practices relating to the 2014 assessment also occurred in 2015.

[14] *See supra* ¶¶ 4-5.

[15] *Pa. Mfrs. Ass'n Ins. Co. v. Homes Ins. Co.*, 584 A.2d 1209, 1213 (Del. 1990).

and subsequent appeals to, among other things, the 2010 assessment, Mrs. Shahin's arrest in 2012, Mrs. Shahin's litigation against the UPS Store, and the 2020 assessment. Based on their allegations, it appears that there is fraud and collusion any time the Shahins are dissatisfied with the actions of a court, board, agency, or lawyer. As the Superior Court recognized, "losing adjudicative procedures does not equate to fraud and collusion."[16]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[16] Superior Court Order at 15.